The other objections are answered in the opinion of the Court.

Per Curiam.

As to the motion in arrest of judgment, the count on which the verdict is returned is remarkably defective ; and upon general demurrer the defect would have been fatal. We are of opinion however that it is cured by the verdict, upon the liberal ground lately adopted by courts of law, in order to prevent expense and delay after a trial of the merits of a case. The principle stated by Chitty, and Williams, in his notes to Saunders, is, that whenever any essential facts are imperfectly stated or even wholly omitted in a declaration, if the verdict be such as would not, under the direction of a court, have been returned without proof of the facts so imperfectly stated or omitted, it shall be presumed that such proof was given, and judgment may be rendered on the verdict.[1] This declaration, though it alleges no seisin in the demandant, avers that he was disseised by the tenant. Now it is plain that such a verdict could not have been returned without proof of a seisin by the demandant, for he could not be disseised without having been seised ; and no court could have allowed, nor could any jury have agreed in that verdict, unless there was sufficient evidence of the fact without proof of which the demandant could not have advanced a step on the trial. [3] It is true that a seisin only can be inferred from the declaration, plea and verdict, and that the case is still left destitute of any averment or even implication of the nature and extent of the seisin; but if seised and disseised, the demandant is entitled to judgment, and it may be a subject of future inquiry to what extent this judgment will affirm his title ; if only to a freehold, still he is entitled to be reseised.
This rule, by which defects resulting from carelessness are passed over with impunity, may have a tendency to encourage laxity of practice ; and this would be a subject of regret, were it not that the adverse party, instead of arresting the *416 progress of the suit in its earliest stages, and thus saving much expense and trouble, lies by until all the expense of a trial lias been incurred, and after the merits of the controversy have been settled, would overthrow the whole proceedings upon some point, which, after the trial, can be nothing to him but mere matter of form. It is for this reason that the courts will, as stated by Chitty, allow of almost any declaration after a verdict. There must have been singular inattention in the drawing of this declaration, for even in the first count, which is now out of the case, a naked seisin only is averred, without any notice of the estate of which the demandant was seised. This also would have been bad on special, and perhaps on general demurrer.
It is objected that the deed of Allen is void, because it is not in the name of the Commonwealth, and because the seal of the Commonwealth is not affixed. And the authorities are strong, that a conveyance of land by an individual must be by the principal, and not by the agent.[1] But there is a difference between grants of an individual and those of the public.[2] The government may grant without any deed ; as lands in the District of Maine were frequently granted by a resolve. Since the adoption of the constitution, the committee on eastern lands have given deeds, setting forth their authority and affixing their own seals ; and these deeds have been considered valid. The seal of the Commonwealth has been used chiefly for political purposes, and not for mere grants of land. This practice having continued sixty years, and perhaps longer, we cannot say that it is ineffectual.[3] In fact the land passes by the resolve, [4] rather than by the deed ; only it is necessary to have some conduit to convey the title to the purchaser. We are satisfied the practice has been such, and it being the light of the government to establish its own forms, these objections to the deed of Allen cannot prevail.
Next, it is said that this is a deed of grant with a covenant, *417 and not a deed of quitclaim. It is clear that if the agent transcends his authority, the deed may be avoided in some respects. But to sell is not to covenant, and the warranty against persons claiming under the Commonwealth is only the effect of the sale without any covenant. We think then, that in regard to this covenant, there is no exceeding of authority.
Another objection is made, that the deed does not recite various particulars, mentioned in the resolve, as that the sale was by auction, &c. It was necessary that these facts should take place, but not necessary to recite them. The recital might be evidence after a lapse of years, but it would be only evidence.
The deed is also said to be void for uncertainty in the de scription of the land ;[1] but we find no such uncertainty. The boundary lines are definitely stated. The objection is rather that the words of the resolve are not used ; but if the words in the deed have the same meaning, that is sufficient.
Further, it is said that the tenant was in possession, and the deed was therefore ineffectual. The general principle is, that a person held out of possession cannot pass a title, as it would tend to excite lawsuits, [2] but we have always understood that this principle does not apply to the government.[3] The very circumstance, that in England and New York, statutes have been recently passed to limit the right of the public, shows it. At the argument it was suggested that we have a similar statute restraining such right, after an adverse possession of thirty years. Whether such a statute exists or not, is immaterial; for the facts in the case show a possession of less than thirty years. But the tenant says that his own possession and that of the first disseisor have continued for thirty-five years. To connect them he must show that he holds under the first disseisor. Successive disseisins do not aid one another. The jury have found, that the extent of the land held for thirty-five years by a continuous title to the tenant and his grantor, does not cover the demanded premises. *418 Nothing being sold to the tenant except what was included in the boundaries stated in his deed, he has no right by an entry under the deed to the excess which was in the possession of his grantor. If then there were a statute barring the light of the government after an adverse possession of thirty years, il would not avail the tenant. But after the investigation which has been made by the counsel and by the Court, it seems doubtful whether any such statute exists.

Judgment according to verdict.

 See 1 Chitty on PI. (6th Am. ed.) 712, 713 et seq.
See Elliott v. Heath, 6 N. Hampsh. R. 428.

 See Copeland v. Mercantile Ins. Co., ante, 203, note 2.

 See 2 Kent’s Comm. (3d ed.) 632,633; Perry v. Hyde, 10 Connect. R. 329

 See Thompson v. Carr, 5 N. Hampsh. R. 515, 516; Cofran v. Cochran, 5 N. Hampsh. R. 458.

 See Sargent v. Simpson, 8 Greenl. 148.

 See Brown v. Bellows, 4 Pick. (2nd ed.) 190, note 2; Jackson v. Moore, 6 Cowen, 706, 720, note a.

 See Brinley v. Whiting, 5 Pick. (2nd ed.) 353, note 1.

 See Hill v. Dyer, 3 Greenl 441; Kinsell v. Daggett, 2 Fairfield, 317.